```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
```
------------------------------------------------------

DONTE BOOKER,                            :   Case No. 1:13-CR-50
                                         :   Case No. 1:15-CV-1051
    Petitioner,                         :
                                         :
vs.                                      :   ORDER
                                         :   [Resolving Docs. 80, 106, 129, 130, 143[1]]
UNITED STATES OF AMERICA,                :
                                         :
    Respondent.                         :
                                         :

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

    Petitioner Donte Booker petitions for habeas corpus relief under 28 U.S.C. § 2255.[2] For the following reasons, the Court **DENIES** Petitioner's motion.

### I.     Background

    On July 1, 2015, the United States indicted Petitioner Booker with attempted possession with intent to distribute five or more kilograms of cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846.[3] The events leading to Petitioner's indictment involved various undercover agents and officials.[4]

    At trial, the Court granted on an interim basis the Government's motion in limine to exclude evidence of Booker's prior exoneration in an unrelated 1987 rape conviction.[5]

    At the close of the Government's case, Petitioner Booker moved for judgment of acquittal under Federal Rule of Criminal Procedure 29, arguing he was entrapped as a matter of law. The Court denied the motion.[6] Petitioner Booker then testified on his own behalf.

---

[1] All citations are to the criminal docket, Case No. 1:13-CR-50.
[2] Docs. 80, 106. The Government responds. Docs. 95, 107, 140. Booker replies. Docs. 100, 113, 144.
[3] Doc. 10.
[4] *See* Doc. 95 at 2-5.
[5] Doc. 69 at 2.
[6] Doc. 70 at 242.

Case No. 1:13-CR-50
Gwin, J.

On March 12, 2013, a jury convicted Booker.

On July 18, 2013, the Court sentenced Booker to 200 months' imprisonment with credit for time served, to be followed by five years' supervised release.[7]

On July 23, 2013, Petitioner Booker filed a notice of appeal with the Sixth Circuit Court of Appeals.[8] On appeal, Booker argued that (1) this Court's interim grant of the Government's motion in limine was improper, and (2) the Court should have granted Petitioner Booker's motion for judgment of acquittal.[9]

The Sixth Circuit affirmed this Court's judgments.[10]

*Procedural History*

On May 26, 2015, Petitioner Booker petitioned this Court for habeas corpus relief under 28 U.S.C. § 2255.[11]

Booker argues (1) ineffective assistance of trial and appellate counsel; (2) improper designation as a career offender under United States Sentencing Guideline § 4B1.1; (3) prosecutorial misconduct; and (4) violation of the Sixth Amendment's Confrontation Clause.[12]

Thereafter, Booker filed various related motions, all of which the Court resolved.[13]

On November 2, 2015, Booker filed a motion to appoint counsel and supplement his pending petition.[14] The Court granted both. In the supplement, Booker argues that he no longer

---

[7] Docs. 48, 58.
[8] Doc. 59.
[9] *Id.*
[10] Doc. 76.
[11] Doc. 80. The Government responds. Doc. 95. Booker replies. Doc. 100.
[12] Doc. 80.
[13] *See, e.g.*, Docs. 84, 86 (motion for discovery, denied); Docs. 87, 89 (motion for summary or default judgment, denied); Docs. 90, 92 (motion to reconsider denial of summary or default judgment, denied); Docs. 93, 94; (motion to proceed with original § 2255 petition, granted).
[14] Docs. 103, 104.

Case No. 1:13-CR-50
Gwin, J.

qualifies as a career offender after *Johnson v. United States*[15] and was therefore improperly sentenced under the United States Sentencing Guideline § 4B1.1; 1.2(a).[16]

Petitioner Booker and his Attorney Jeffrey Lazarus subsequently filed many, and sometimes conflicting, supplements to Booker's petition and other filings.[17]

On August 26, 2016, Booker filed a motion to remove his attorney and proceed *pro se*.[18] On August 29, 2016, the Government filed a motion to hold the case in abeyance pending the outcome of *Beckles v. United States*.[19]

The Court set a hearing for both motions on December 14, 2106.[20]

At the hearing, the Court (1) granted Petitioner Booker's motion to remove counsel and proceed *pro se*; and (2) granted the Government's motion to hold the case in abeyance pending the outcome in *Beckles*.[21]

Since the hearing, Booked has further supplemented his petition.[22] Following the Supreme Court's March 6, 2017 *Beckles* decision, Booker also moved the Court to lift the stay.[23]

## II. Legal Standards

Title 28 United States Code Section 2255 gives a federal prisoner post-conviction means of collaterally attacking a conviction or sentence that he alleges violates federal law. Section 2255 provides four grounds upon which a federal prisoner may challenge his conviction or sentence:

---

[15] __ U.S. __, 135 S. Ct. 2551 (2015).
[16] Doc. 106. The Government responds. Docs. 107, 140. Booker replies. Docs. 113, 144.
[17] For example, Petitioner Booker filed a motion to file a reply brief *pro se* after counsel was appointed, which the Court denied. Docs. 112, 114. Attorney Lazarus filed multiple motions and supplements to the petition. *See, e.g.*, Docs. 110, 111, 116. Petitioner Booker also filed various motions and supplements *pro se* while he had counsel, *see, e.g.*, Docs. 117, 120, 121, 122, 129, which the Government moved to strike, Doc. 130.
[18] Doc. 119.
[19] Doc. 118. Petitioner Booker opposed *pro se* in a motion to dismiss, Doc. 123, and moved to expedite the judgment, Doc. 125.
[20] The Court granted Petitioner Booker's motion to waive his appearance at the hearing and appear by video. Docs. 127, 131.
[21] Docs. 133, 135.
[22] Docs. 138, 139, 141, 142.
[23] Doc. 143.

Case No. 1:13-CR-50
Gwin, J.

> 1) That the sentence was imposed in violation of the Constitution or laws of the United States;
> 2) That the court was without jurisdiction to impose such sentence;
> 3) That the sentence exceeded the maximum authorized by law; or
> 4) That the sentence is otherwise subject to collateral attack.[24]

To prevail on a § 2255 motion alleging a constitutional error, the movant "must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings."[25]

### III. Discussion

**A. Career Offender, Prosecutorial Misconduct, Confrontation Clause**

Petitioner Booker claims (1) the Court abused its discretion in categorizing Booker as a career offender under U.S.S.G. § 4B1.1; (2) an assistant district attorney committed prosecutorial misconduct by making a prejudicial statement during closing argument; and (3) Booker's Confrontation Clause rights were violated because his case lacked a victim.[26]

Booker procedurally defaulted all three arguments. When a habeas petitioner fails to raise an argument on direct appeal, it is procedurally defaulted.[27] Those claims "may be raised in habeas only if the Petitioner can demonstrate either 'cause' and actual 'prejudice' or that he is 'actually innocent.'"[28]

To show cause, Booker must "show that some objective factor external to the defense"[29] kept him from raising the arguments on appeal. For example, cause is shown if the "claim was not reasonably available to counsel."[30]

---

[24] 28 U.S.C. § 2255(a).
[25] *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)).
[26] Doc. 80 at 24, 25, 30.
[27] *Murray v. Carrier,* 477 U.S. 478, 490-92 (1986).
[28] *United States v. Busch*, 411 F. App'x 872, 874 (6th Cir. 2011) (citing *Murray*, 477 U.S. at 485, 496; *Harbison v. Bell*, 408 F.3d 823, 830 (6th Cir. 2005)).
[29] *Coleman v. Thompson*, 501 U.S. 722, 753 (1991) (citing *Murray*, 477 U.S. at 488).
[30] *Id.*; *see also Ambrose v. Booker*, 684 F.3d 638, 645 (6th Cir. 2012).

Case No. 1:13-CR-50
Gwin, J.

All three of Petitioner's arguments were available on appeal. Petitioner objected to his career-offender designation in his sentencing memo and at the sentencing hearing.[31] He argued prosecutorial misconduct at trial during the government's closing arguments.[32] At sentencing, Booker presented his Confrontation Clause argument—he said he has "the right to face [his] accuser" and no victim was presented against him.[33]

Because Petitioner Booker raised these arguments during trial or at sentencing, no "objective factor" kept him from raising the arguments on appeal.

Nor does failure to raise those arguments amount to actual prejudice.[34] Prejudice requires that the alleged errors "infect[ed] [Booker's] entire trial with error of constitutional dimensions."[35]

As to Booker's career offender argument, even "mistakes in the application of the sentencing guidelines . . . rarely, if ever, warrant relief from" procedural default.[36]

Furthermore, the Court considered this argument[37] at length during sentencing, ultimately finding it unconvincing.[38] Designating Petitioner Booker a career offender—a determination

---

[31] Doc. 55 at 6 (sentencing memo objecting to career offender categorization); Doc. 67 at 4-5 (same argument in sentencing hearing transcript).
[32] Doc. 70 at 286-92.
[33] Doc. 67 at 21-22.
[34] Nor does it amount to ineffective assistance of counsel, as discussed below.
[35] *Jells v. Mitchell*, 538 F.3d 478, 488–89 (6th Cir. 2008) (quoting *United States v. Frady,* 456 U.S. 152, 170 (1982)).
[36] *Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996).
[37] *Compare* Doc. 55 at 6 (sentencing memo argument) *with* Doc. 80 at 23-25 (habeas petition making same argument). Specifically, Booker argues that his prior convictions do not support a career offender enhancement because they occurred more than fifteen years before this case's relevant conduct. The argument presents a more complicated question than appears on the surface. Petitioner Booker previously served a concurrent state sentence for multiple convictions, some of which were later vacated. Here, Booker argues that he would have served significantly less time on the remaining convictions, such that the sentence would not have fallen within the fifteen-year period preceding the conduct in this case.
[38] Doc. 67 at 6-12. The Court acknowledged that it was a "close question" and "under[stood] the arguments" on both sides, but declined to "go back and to glean what [the state] sentencing judge would have done if" Booker had not been convicted of the later-reversed charges. *Id.* at 12.

-5-

Case No. 1:13-CR-50
Gwin, J.

Petitioner acknowledged was within the Court's discretion[39]—does not "infect" his trial with constitutional error.

Booker's prosecutorial misconduct argument also fails to show actual prejudice. During closing arguments, Assistant U.S. Attorney Edward Feran told the jury that "in [his] 15 years as a Federal Prosecutor, the evidence [against Booker] couldn't be more simplistic"—in other words, the evidence easily supported a conviction when compared to evidence in other cases.[40] Defense counsel Roger Synenberg objected. The Court sustained the objection and commanded the jury to disregard the comment.[41]

Later, the Court denied Attorney Synenberg's motion for a mistrial based on the comment, but again instructed the jury not to consider the statement.[42]

Contrary to Petitioner Booker's assertion that this Court "fail[ed] to give an appropriate curative instruction,"[43] the Court did so twice. This statement, however ill-advised, does not warrant a new trial when the Court instructed the jury to disregard the statement.

Finally, Booker's Sixth Amendment Confrontation Clause argument also fails because it misunderstands the meaning of the Clause. Booker argues that because his crime caused no harm to a particular person, and therefore no victim was present at trial, his rights were violated.

The Confrontations Clause protects a Petitioner's right to meet opposing witnesses "face-to-face" and cross-examine them to ensure reliability.[44] The Confrontation Clause does not, however, require the government to produce a victim to substantiate a crime.

Accordingly, Petitioner Booker's habeas petition is **DENIED** as to the arguments above.

---

[39] *Id*. at 8.
[40] Doc. 70 at 286.
[41] *Id*.
[42] *Id*. at 291-92.
[43] Doc. 80 at 26.
[44] *Maryland v. Craig*, 497 U.S. 836, 846, 846 (1990).

Case No. 1:13-CR-50
Gwin, J.

### B. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, a habeas petitioner must satisfy the two-pronged *Strickland v. Washington*[45] test.

First, the petitioner must show that his counsel's performance was deficient, meaning it "fell below an objective standard of reasonableness."[46] The Court determines "whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance."[47] The Court's review is deferential, as "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable."[48]

Second, the petitioner must show that the deficiency prejudiced his defense; in other words, "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[49]

In this case, Petitioner argues that both his trial and appellate counsel were ineffective.

#### 1. Trial Counsel

Petitioner argues that trial counsel Synenberg was ineffective because Synenberg (1) did not revisit the Court's interim grant of the Government's motion to exclude evidence of his exoneration; (2) did not renew the motion for acquittal; (3) did not file a motion to dismiss the indictment; (4) failed to present exculpatory evidence;[50] and (5) failed to poll the jury.[51]

---

[45] 466 U.S. 668 (1984).
[46] *Id.* at 688.
[47] *Id.* at 690.
[48] *Id.* at 690-91.
[49] *Id.* at 695.
[50] For example, Petitioner claims that transcripts of certain recorded phone calls show that he tried to withdraw from the crime. Doc. 80 at 18-19.
[51] *Id.* at 14-20.

Case No. 1:13-CR-50
Gwin, J.

### *Revisit Limine Ruling*

Booker's trial counsel was not ineffective for failing to revisit the Court's interim ruling excluding evidence of Booker's exoneration for a 1987 rape conviction. Attorney Synenberg opposed the initial motion in writing.[52] Despite Synenberg's arguments, the Court found that Booker's prior exoneration was not relevant.[53]

In light of his prior arguments and the Court's stated conclusion on the issue, Attorney Synenberg was reasonable in not revisiting the Court's decision. Nothing suggests any reargument would have changed anything.

### *Renew Motion for Acquittal*

Nor was Attorney Synenberg ineffective for failing to renew the Rule 29 motion for acquittal. The only evidence presented after the initial motion was Petitioner Booker's testimony.[54] Booker's testimony, which this Court previously deemed perjury,[55] would have lent no greater support to the motion for acquittal.

### *Motion to Dismiss*

Petitioner Booker argues that his trial counsel should have moved to dismiss the indictment for "outrageous government conduct" and because it did not include "elements of the charge, or names of whom the petitioner had conspired with in this case."[56]

Petitioner provides no evidentiary support for his first argument[57] and this Court does not find any "outrageous government conduct" in the record.

---

[52] Doc. 27 (written response to the motion in limine).
[53] Doc. 69 at 2.
[54] Doc. 70 at 242-243 (motion to acquit at 10:13 AM); Doc. 51 at 17-68 (Petitioner Booker's testimony, 10:15 AM – 11:14 AM); Doc. 70 at 244 (Defense rests its case at 11:14 AM).
[55] Docs. 48 (presentence report, sealed), 67 at 4 (sentencing transcript) (finding that the "Petitioner attempted to obstruct justice. He gave what seemed to be obviously a false testimony . . . .").
[56] Doc. 80 at 16-17.
[57] *Id.*

-8-

Case No. 1:13-CR-50
Gwin, J.

Petitioner's second argument also fails; an indictment is sufficient if it include "a plain, concise, and definite written statement of the essential facts constituting the offense charged . . . [and] the official or customary citation of the statute, rule, regulation, or other provision of law that the Petitioner is alleged to have violated."[58] The indictment must "give notice to the Petitioner of the charges he faces."[59]

Here, the indictment included a statement of the charge and a citation to the relevant provisions of the United States Code.[60] The indictment provided Booker with sufficient notice of the charges against him.

Therefore, Petitioner's trial counsel was not ineffective for declining to file a motion to dismiss on either ground.

### *Exculpatory Evidence*

Petitioner next argues that trial counsel failed to present exculpatory evidence. A review of the record, however, reveals that counsel presented the evidence that Petitioner claims was missing.

For example, Petitioner argues that his attorney ignored recorded phone calls showing that Petitioner wanted to withdraw from the crime.[61] During closing arguments, however, Attorney Synenberg reviewed relevant testimony and argued there was "no evidence" that Petitioner "was a willing participant in this case."[62]

---

[58] Fed. R. Crim. P. 7.
[59] *United States v. Schaffer*, 586 F.3d 414, 422 (6th Cir. 2009) (quoting *United States v. Douglas,* 398 F.3d 407, 411 (6th Cir. 2005)).
[60] Doc. 10.
[61] Doc. 80 at 18.
[62] Doc. 70 at 281- 85.

-9-

Case No. 1:13-CR-50
Gwin, J.

Regardless, counsel's decision not to present certain evidence to the jury is not grounds for habeas relief. "[C]ounsel may exercise his professional judgment with respect to the viability of certain defenses and evidentiary matters without running afoul of the Sixth Amendment."[63]

### *Jury Polling*

Last, Booker argues his trial counsel was ineffective because he failed to poll the jury. He argues that the jury's request for a new verdict form[64] prior to issuing a verdict suggests a juror switched his vote.

Other than Petitioner's conclusory allegation, there is nothing to suggest a juror was uncertain. The jury read a unanimous verdict into the record.[65] Furthermore, courts across the country hold that failure to poll a jury does not amount to ineffective assistance of counsel.[66] This Court agrees.

### 2. **Appellate Counsel**

Petitioner Booker argues that his appellate counsel Mark Wettle failed to provide effective assistance because he did not include certain arguments in appellate briefing. Those arguments include ineffective assistance of trial counsel, prosecutorial misconduct, and misapplication of the career offender guideline.

For the reasons stated above, Attorney Wettle was not ineffective for declining to argue that trial counsel was ineffective.

Nor was Attorney Wettle ineffective for failing to include prosecutorial misconduct and career offender arguments on appeal. "It is important for appellate advocates to 'winnow[ ] out

---

[63] *Lewis v. Alexander*, 11 F.3d 1349, 1353–54 (6th Cir. 1993).
[64] Doc. 70 at 296-97.
[65] *Id*. at 298.
[66] *See, e.g.*, *United States v. Tucker*, 596 F. App'x 616, 618–19 (10th Cir. 2014) (concluding that failure to poll jury does not amount to ineffective assistance of counsel where "Petitioner has not identified any evidence supported by the record that would suggest a lack of unanimity" among the jury).

-10-

Case No. 1:13-CR-50
Gwin, J.

weaker arguments on appeal and focus[ ] on one central issue if possible, or at most on a few key issues.'"[67]

As the Court discussed above, the prosecutorial misconduct and career offender arguments are weak on the merits.[68] Although Petitioner's appeal was ultimately unsuccessful, Wettle's choice to "winnow" the issues was strategic and is not grounds for habeas relief.

Accordingly, the Court **DENIES** Booker's habeas petition for ineffective assistance of counsel.

### C. *Johnson* Claim

Petitioner Booker also argues that he no longer qualifies as a career offender and was therefore improperly sentenced under the United States Sentencing Guideline § 4B1.1; 1.2(a).[69] The Supreme Court's recent opinion in *Beckles v. United States*[70] stops his argument. Petitioner Booker's argument centers on the relationship between the Guidelines and the Armed Career Criminals Act (ACCA).

On June 26, 2015, the Supreme Court gave an opinion in *Johnson v. United States*, holding that the ACCA's residual clause was unconstitutionally vague.[71] If a sentencing court imposed a heightened sentence based on felonies that qualified under the residual clause alone, that sentence violated a criminal Petitioner's constitutional right to due process.[72]

---

[67] *Wilson v. Hurley*, 108 F. App'x 375, 379 (6th Cir. 2004) (quoting *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983)).
[68] *See supra* at 6.
[69] Doc. 106. This argument is distinct from Petitioner Booker's § 4B1.1 argument discussed above, *see supra* at 4-6. The previous argument concerns whether Booker's prior convictions support a career offender designation because they occurred fifteen years before this case. Alternatively, the *Johnson*-related career offender argument concerns whether Booker's prior convictions are predicate offenses as a matter of substantive law.
[70] No. 15-8544, 2017 WL 855781 (U.S. Mar. 6, 2017).
[71] ___ U.S. ___, 135 S. Ct. 2551 (2015).
[72] *Id.*

-11-

Case No. 1:13-CR-50
Gwin, J.

A criminal Petitioner sentenced under the ACCA residual clause can collaterally challenge his sentence under the ACCA in a § 2255 habeas proceeding.[73]

The Guidelines' career offender provision defines "crime of violence" using the same language ruled unconstitutional in *Johnson*.[74] Therefore, since *Johnson*, many criminal Petitioners sentenced under the Guidelines' career offender provision have argued that *Johnson*'s holding should also apply retroactively to Guidelines cases.

In *Beckles*, the Supreme Court rejected this exact argument. There, Petitioner Beckles argued that because the Court's *Johnson* opinion held "that the identically worded residual clause in the Armed Career Criminal Act . . . was unconstitutionally vague . . . the Guidelines' residual clause is also void for vagueness."[75] The Court held that because of the Guidelines' advisory nature, they "are not subject to vagueness challenges under the Due Process Clause."[76]

The Supreme Court's decision dictates the outcome of *Beckles*-dependant cases pending across the federal courts. Accordingly, this Court **DENIES** Petitioner's § 2255 petition on these grounds.

## IV.   CONCLUSION

For the reasons above, this Court **DENIES** Petitioner Booker's § 2255 petition. Furthermore, there is no basis upon which to issue a certificate of appealability.[77]

IT IS SO ORDERED.

Dated: March 28, 2017                               *s/           James S. Gwin*
                                                    JAMES S. GWIN
                                                    UNITED STATES DISTRICT JUDGE

---

[73] *Welch v. United States*, ___ U.S. ___, 136 S. Ct. 1257, 1265 (2016).
[74] *See* United States Sentencing Guideline § 4B1.2(a) (emphasis added).
[75] No. 15-8544, 2017 WL 855781, at *3 (U.S. Mar. 6, 2017).
[76] *Id*.
[77] 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

-12-