UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------

UNITED STATES OF AMERICA,

      Plaintiff,

vs.

DONTE BOOKER,

      Defendant.

------------------------------------------------------

CASE NO. 1:13-CR-50

OPINION & ORDER
[Resolving Docs. 153, 154, 156, 159, 162, 163]

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Petitioner Donte Booker moves to reopen his previously denied 28 U.S.C. § 2255 petition under Federal Rule of Civil Procedure Rule 60(b).[1] He argues that several of the past convictions that led to the Court designating him a career offender for sentencing purposes can no longer be counted towards that designation.

The government moves to strike Booker's motion as redundant with a motion Booker has filed in the Sixth Circuit.[2] They argue that the Court does not have jurisdiction to decide Booker's motion because he filed a request for permission to file a second or successive habeas petition with the Sixth Circuit three days before filing this motion.[3] The Court agrees.

"The 'traditional rule is that a timely appeal divests the district court of jurisdiction to reconsider its judgment until the case is remanded by the Court of Appeals.'"[4] That is what

---

[1] Doc. 153. Booker also seeks to supplement this motion, Doc. 154; Doc. 156, and moves the Court to take judicial notice of several facts related to this motion. Doc. 163.
[2] Doc. 159. Booker moves to strike the government's motion to strike. Doc. 162.
[3] *See* Doc. 162-1 (copy of 6th Circuit docket for case no. 17-4284).
[4] *United States v. Moss*, 189 F.R.D. 354, 356 (E.D. Mich. 1999) (quoting *LSJ Inv. Co. Inc. v. O.L.D., Inc.*, 167 F.3d 320, 324 (6th Cir. 1999)).

Case No. 1:13-cr-50
Gwin, J.

occurred here. Booker's decision to seek relief from the Sixth Circuit has divested this Court of jurisdiction to decide his Rule 60(b) motion.

However, even if Booker's appeal had not divested this Court of jurisdiction, this Court would not decide Booker's motion because it is actually a second or successive habeas petition. The Supreme Court has held that a Rule 60(b) motion is actually a second or successive petition "if it attacks the federal court's previous resolution *on the merits*."[5] Booker argues that the Court wrongly held that his prior convictions qualified as predicates for a career offender enhancement. This is an attack on the merits, which Booker needs permission from the Sixth Circuit to file.[6]

For those reasons, the Court **GRANTS** the government's motion to strike Booker's motion to reopen and **STRIKES** Booker's motion to reopen.

The Court **DENIES as MOOT** Booker's motions for leave to supplement his motion to reopen, his motion to strike the government's motion to strike, and his motion for judicial notice.

IT IS SO ORDERED

Dated: March 8, 2018     *s/  James S. Gwin*
                          JAMES S. GWIN
                          UNITED STATES DISTRICT JUDGE

---

[5] *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005) (emphasis in original); *see also United States v. Carter*, 500 F.3d 486, 489 (6th Cir. 2007) (applying *Gonzalez* to the § 2255 context).
[6] *See* 28 U.S.C. § 2255(h).