UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                :
UNITED STATES OF AMERICA,       :     CASE NO. 1:13-CR-50
                                                :
          Plaintiff,                        :
                                                :
     vs.                                     :     OPINION & ORDER
                                                :     [Resolving Docs. 168, 169]
DONTE BOOKER,                        :
                                                :
          Defendant.                     :
                                                :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Petitioner Donte Booker moves to supplement his motion to reopen his 28 U.S.C. § 2255 petition.[1] He also moves to compel the government to respond to this motion.[2]

On March 8, 2018, the Court struck Booker's motion to reopen.[3] In that same opinion, the Court also found that Booker's motion to reopen was actually a second or successive habeas petition that Booker needed permission from the Sixth Circuit to file.[4] Booker sought that permission, and the Sixth Circuit denied his request.[5] Booker's supplement and motion to compel are therefore moot.

Alternately, the Court could construe Booker's supplement as another successive habeas petition attacking the merits of his sentence. If that is what Booker intends, then he must seek permission to file that merits attack from the Sixth Circuit.[6]

---

[1] Doc. 168.
[2] Doc. 169.
[3] *See* Doc. 164.
[4] *Id.*
[5] *See* Doc. 166.
[6] In his motion to reopen, and in the supplements to that motion, Booker points to recent Sixth Circuit cases holding that Ohio robbery convictions do not qualify for the Sentencing Guidelines' career offender enhancement, which Booker received. *See, e.g.*, Doc. 169-1. But, those cases do not address the Sentencing Guidelines' now-removed residual clause. Admittedly, language in *United States v. Yates* does suggest that Booker's 1980s Ohio robbery convictions might not fall within the Sentencing Guidelines' residual clause. *See, e.g.*, *United States v. Yates*, 866 F.3d 723, 728-30 (6th Cir. 2017) (holding that the Ohio robbery statute does not qualify as a crime of violence under

Case No. 1:13-cr-50
Gwin, J.

For those reasons, the Court **DENIES AS MOOT** Booker's motion to supplement his motion to reopen and his motion to compel.

IT IS SO ORDERED

Dated: April 10, 2018             *s/    James S. Gwin*
                                  JAMES S. GWIN
                                  UNITED STATES DISTRICT JUDGE

---

the Sentencing Guidelines' force clause and citing a number of Ohio cases sustaining robbery convictions where only minimal force was used). Nevertheless, because Booker was sentenced when the career offender sentencing guidelines contained a residual clause, and the removal of that residual clause was not retroactive, these cases do not necessarily apply to him.