UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------

| | : | |
|---|---|---|
| DONTE BOOKER, | : | |
| | : | CASE NO. 1:13-CR-50 |
| Petitioner, | : | CASE NO. 1:15-CV-1051 |
| | : | |
| vs. | : | OPINION & ORDER |
| | : | [Resolving Docs. 180, 183] |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |
| | : | |

-------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Petitioner Donte Booker moves to reduce his sentence under 18 U.S.C. § 3582(c).[1] He also moves to supplement his motion to reduce and for the appointment of counsel.[2] The government opposes each of these motions.[3]

Booker's current motions represent at least the third time he has attempted to argue that he was incorrectly designated a career offender under the Sentencing Guidelines.[4] He has also been arguing that the Court failed to apply the Guideline Amendment 782 reduction to his sentence since at least 2014.[5] Both this Court and the Sixth Circuit have previously denied these arguments.[6]

Booker currently has a Sixth Circuit appeal pending in this case, appealing the Court's order striking his previous motion dealing with these same issues.[7] The Court therefore lacks jurisdiction to consider Booker's currently pending motions. To the extent he raises new arguments in those motions, he should raise them before the Sixth Circuit.

The Court **DENIES** Booker's motions for lack of jurisdiction.

---

[1] Doc. 180.
[2] Doc. 183.
[3] Doc. 184. *See also Booker v. Saad*, No. 1:18-cv-107, 2018 WL 2322853 (N.D. Ohio May 22, 2018) (raising these same arguments in a 28 U.S.C. § 2241 petition).
[4] *See* Docs. 164, 170.
[5] *See* Doc. 75.
[6] *See id.* (refuting Booker's Guideline Amendment 782 argument); Doc. 166 (Sixth Circuit denying Booker's career offender argument).
[7] *See* Doc. 153.

Case No. 1:13-cr-50
Gwin, J.

The Court previously expressed no opinion on whether a certificate of appealability should be granted regarding Booker's struck motion. The Court will now **GRANT** a certificate of appealability on the issues of whether Booker was correctly designated a career offender and whether the Court properly struck Booker's previous motion to reopen.[8] The Court **DENIES** a certificate of appealability on any other issues Booker has attempted to raise because an appeal of those issues could not be taken in good faith.

Finally, the Court **DENIES** Booker's motion for the appointment of counsel in this case.[9] If Booker wishes to seek counsel on appeal, he must make that request to the Sixth Circuit.

IT IS SO ORDERED

Dated: August 8, 2018              *s/ James S. Gwin*
                                                       JAMES S. GWIN
                                                       UNITED STATES DISTRICT JUDGE

---

[8] *See* Doc. 153 (Booker's motion); Doc. 164 (opinion and order striking Doc. 153).
[9] The Court notes that Booker seems to have multiple appeals pending relating to these issues. *Compare* Doc. 176 (notice of appeal) *with Booker v. Saad*, No. 18-cv-107, 2018 WL 2322853 (N.D. Ohio May 22, 2018), *appealed sub nom. Booker v. Merlak*, No. 18-3558 (6th Cir. 2018).