```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
```

------------------------------------------------------

| | |
|---|---|
| UNITED STATES OF AMERICA, : | CASE NO. 1:13-CR-50 |
| Plaintiff, : | |
| vs. : | ORDER |
| : | [Resolving Doc. 190] |
| DONTE BOOKER, : | |
| Defendant. : | |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Donte Booker, proceeding *pro se*, moves the Court to appoint counsel under the Criminal Justice Act, 18 U.S.C. § 3006A.[1]  Because the Court does not have jurisdiction over Defendant's motion, it is **DENIED**.

On August 8, 2018, the Court issued an opinion and order denying Defendant's motion to reduce his sentence and to appoint counsel.[2]  In that opinion, the Court noted that Booker must make any requests for appointment of appellate counsel to the Sixth Circuit.[3]  Defendant appealed that order,[4] and now moves the Court again to appoint counsel.[5]

Generally, a timely-filed notice of appeal divests a district court of jurisdiction over the matters subject to appeal, and jurisdiction passes to the circuit court.[6]  Because Defendant Booker timely filed a notice of appeal to the Sixth Circuit,[7] the Court lacks jurisdiction to consider his motion.

---

[1] Doc. 190.
[2] Doc. 188.
[3] *Id.*
[4] Doc. 189.
[5] Doc. 190.
[6] *See Lewis v. Alexander*, 987 F.2d 392, 394 (6th Cir. 1993) ("As a general rule, the district court loses jurisdiction over an action once a party files a notice of appeal, and jurisdiction transfers to the appellate court.").
[7] Doc. 189.

Case No. 1:13-CR-50
Gwin, J.

The Sixth Circuit rules support this result, as they suggest that the circuit court—not the district court—appoints appellate counsel under the Criminal Justice Act. Sixth Circuit Rule 12(c)(3) provides that "[w]hen *the court* directs appointment of counsel for an appellant under the Criminal Justice Act, the clerk [of the Sixth Circuit] will select counsel as provided in the Sixth Circuit Criminal Justice Act Plan."[8]

The rules also indicate that Defendant Booker should move the Court to proceed *in forma pauperis* prior to seeking appointment of appellate counsel. Sixth Circuit Rule 12(c)(4)(A) provides that "[i]f the defendant is indigent and seeks the appointment of counsel pursuant to the Criminal Justice Act application must *first* be made to the district court for leave for the defendant to proceed in forma pauperis."[9] If Defendant Booker requests leave from the Court to proceed *in forma pauperis*, the Court will consider his request.

For the forgoing reasons, the Court **DENIES** Defendant's motion for appointment of counsel.

IT IS SO ORDERED.

Dated: September 21, 2018            s/ *James S. Gwin*
                                                                JAMES S. GWIN
                                                                UNITED STATES DISTRICT JUDGE

---

[8] 6th Cir. R. 12(c)(3) (emphasis added).
[9] 6th Cir. R. 12(c)(4)(A) (emphasis added).