UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:13-CR-00050 |
| Plaintiff, | : | |
| vs. | : | OPINION & ORDER |
| | : | [Resolving Docs. 202, 206] |
| DONTE BOOKER, | : | |
| Defendant. | : | |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On March 12, 2013, a federal jury convicted Defendant Booker of attempted possession with the intent to distribute 5 kilograms or more of cocaine.[1] On July 17, 2013, this Court sentenced Booker to 200-months imprisonment and five-years supervised release.[2]

Booker now asks the Court to reduce his sentence under 18 U.S.C. § 3582(c)(2) and compassionate release.[3] He also requests the appointment of counsel.[4] The Government opposes.[5]

For the following reasons, the Court **DENIES** Defendant's motions.

## I. Sentence Reduction

Booker requests a sentence reduction under 18 U.S.C. § 3582(c)(2). The Court may reduce a sentence under that statute if the Court based the original sentence "on a sentencing range that has subsequently been lowered by the Sentencing Commission."[6]

---

[1] Doc. 32.
[2] Doc. 58.
[3] Docs. 202 and 204.
[4] Doc. 204.
[5] Doc. 205.
[6] 18 U.S.C. § 3582(c)(2).

1:13-cr-50
Gwin, J.

Any reduction must be "consistent with the applicable policy statements issued by the Sentencing Commission."[7]

Despite Booker's arguments, his applicable sentencing range has not been reduced by the Sentencing Commission. The Court sentenced Booker as a career offender under Section 4B1.1.[8] The Sentencing Commission has not lowered the sentencing range under Section 4B1.1, so Booker is ineligible for a reduction.

Booker argues that under recent precedent his prior offenses no longer qualify him as a career offender. Such argument, however, is not cognizable under a 18 U.S.C. § 3582(c) motion for a sentence reduction.[9]

Booker's request for a sentence reduction is therefore **DENIED**.

## II. Compassionate Release

Under the compassionate release statute, the Court may reduce the defendant's term of imprisonment upon a motion by the defendant.[10] To do so, the Court must find that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[11] The Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553.

---

[7] *Id.*
[8] Doc. 67 at 13.
[9] *U.S. v. Moody*, 397 F. App'x. 201 at 203 (6th Cir. 2010). Booker's argument is also not cognizable under a 28 U.S.C. § 2255 motion, of which Booker has filed several, because a defendant may not challenge his classification as a career offender on collateral review. *U.S. v. Bullard*, 937 F.3d 654, 659-61 (6th Cir. 2019).
[10] 18 U.S.C. § 3582(c)(1).
[11] *Id.*

The applicable policy statement instructs that extraordinary and compelling reasons for a sentence reduction fall into four categories: (i) medical conditions, (ii) age, (iii) family circumstances, and (iv) other reasons.

Booker argues that he should receive compassionate release under the final category, which allows for release if "an extraordinary and compelling reason other than, or in combination with, the reasons described" in the first three categories exists.[12]

Booker points to his behavior and activities in prison as the extraordinary and compelling reason for his release.[13] However, "rehabilitation of the defendant alone" cannot serve as the basis for compassionate release.[14]

Booker has not presented any other reasons for the Court to grant release. The motion for compassionate release is therefore **DENIED**.

### III. Appointment of Counsel

Finally, Booker requests the appointment of counsel to assist with his compassionate release motion. Booker offers no argument as to why counsel is necessary, and it is not the role of the Court to advance arguments for him.[15] In any event, given Booker's obvious ineligibility for compassionate release, appointment of counsel is not warranted. This motion is also **DENIED**.

---

[12] After the recent amendments to the compassionate release statute, which allow courts to review compassionate release motions without a BOP recommendation, courts have disagreed about the application of the policy statement. While some courts consider the policy to be merely "helpful guidance" in light of the amendment, other courts still treat it as binding. *United States v. Fox*, 2:14-cr-03-DBH, 2019 WL 3046086, at *2-3 (D. Maine July 11, 2019) (finding the policy to be helpful guidance but listing eight cases that have treated it as binding). The Court denies Booker's request based upon the policy statement but would also deny his request if the policy was not determinative. Booker argues that he is eligible given his good behavior and personal growth during incarceration. Granting release on the basis of "rehabilitation" alone, however, is prohibited by statute, and the Court finds no other compelling reason to grant compassionate release. 28 U.S.C. § 994.

[13] Doc. 204.

[14] 28 U.S.C. § 994.

[15] *Coleman v. Shoney's, Inc.*, 79 F. App'x. 155, 157 (6th Cir. 2003) ("Pro se parties must still brief the issues advanced with some effort at developed argumentation.").

## IV. Conclusion

For the foregoing reasons, the Court **DENIES** Defendant's motions.

IT IS SO ORDERED.

Dated: February 20, 2020          *s/ James S. Gwin*
                                                    JAMES S. GWIN
                                                    UNITED STATES DISTRICT JUDGE