UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
UNITED STATES OF AMERICA,  :   CASE NO. 1:13-CR-00050
                           :
    Plaintiff,             :
                           :
vs.                        :   OPINION & ORDER
                           :   [Resolving Doc. 211]
DONTE BOOKER,              :
                           :
    Defendant.             :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On March 12, 2013, a federal jury convicted Defendant Booker of attempted possession with the intent to distribute 5 kilograms or more of cocaine.[1] On July 17, 2013, this Court sentenced Booker to 200-months imprisonment and five-years supervised release.[2]

On February 20, 2020, this Court denied Booker's motion to reduce his sentence and for compassionate release.[3] Booker appealed.[4] Booker now moves for a certificate of appealability, permission to proceed in forma pauperis, and for appointed counsel.[5]

Booker's request for a certificate of appealability under 28 U.S.C. § 2253 is **DENIED**. 28 U.S.C. § 2253 governs certificates of appealability when an appeal is taken from the denial of a habeas claim. Booker is not appealing an unfavorable habeas determination, so the statute is not applicable to Booker's appeal.

---

[1] Doc. 32.
[2] Doc. 58.
[3] Doc. 209.
[4] Doc. 210.
[5] Doc. 211.

1:13-cr-50
Gwin, J.

Booker's request to proceed *in forma pauperis* on appeal is **DENIED**. Booker may not proceed *in forma pauperis* if this Court certifies, before or after the notice of appeal, that the appeal is not taken in good faith.[6]

Booker's appeal is not taken in good faith. He is ineligible for the relief he seeks. The Sentencing Commission has not reduced Booker's sentencing range making him ineligible for a reduction.[7] He does not qualify for compassionate relief because it cannot be granted on the basis of rehabilitation alone.[8]

Furthermore, Booker's assertion that he requested *forma pauperis* status in his underlying motions is not true. And, even if Booker had inserted such request into his multiple filings, it is illogical to imagine Booker could request *forma pauperis* status in his district court filings for an appeal of the Court's not-yet-issued decision.

Finally, Booker's request for counsel on appeal is **DENIED**. This Court has issued multiple opinions in this case notifying Booker that it does not have authority to appoint counsel on appeal.[9] Nothing has changed since Booker's last appeal.

For the foregoing reasons, the Court **DENIES** Defendant's motion.

IT IS SO ORDERED.

Dated: March 4, 2020          *s/    James S. Gwin*
                              JAMES S. GWIN
                              UNITED STATES DISTRICT JUDGE

---

[6] Fed. R. App. P. 24(a); *Bruce v. Bradshaw*, No. 1:04 CV 11447, 2007 WL 1459255, at *1 (N.D. Ohio May 15, 2007) (noting that good faith requires a showing that the issues on appeal are not frivolous).
[7] Doc. 209 at 1-2.
[8] *Id.* at 3 (citing 28 U.S.C. § 994).
[9] Docs. 188, 191.