UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
UNITED STATES OF AMERICA, : CASE NO. 1:13-CR-00050
:
    Plaintiff, :
:
vs. : OPINION & ORDER
: [Resolving Doc. 78]
DONTE BOOKER, :
:
    Defendant. :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On March 12, 2013, a federal jury convicted Defendant Donte Booker of attempted possession with the intent to distribute 5 kilograms or more of cocaine.[1] On July 17, 2013, this Court sentenced Booker to 200-months imprisonment and five-years supervised release.[2]

On January 29, 2015, the Sixth Circuit Court of Appeals affirmed this Court's judgment.[3]

On March 12, 2015, Booker, *pro se*, filed a document entitled "Newly Discovered Evidence."[4] The document was not docketed as a motion. Since its filing, the Government has not responded to the document, nor has Booker filed any documents in this Court relating to the "Newly Discovered Evidence," despite his plethora of filings since then.

In the March 12, 2015 filing, Booker requests a new trial under Rule 33(b)(1) on the basis of "newly discovered evidence."[5] Booker says that while attending the presentence

---

[1] Doc. 32.
[2] Doc. 58.
[3] Doc. 77.
[4] Doc. 78
[5] *Id.* at 1.

1:13-cr-50
Gwin, J.

investigation report meeting with counsel, he discovered that his counsel had a police report that Booker had never seen and that counsel did not use at trial.[6] Booker claims that the police report proves his innocence.[7]

In order to obtain a new trial, Book must establish the following: "(1) the new evidence was discovered after the trial; (2) the evidence could not have been discovered earlier with due diligence; (3) the evidence is material and not merely cumulative or impeaching; and (4) the evidence would likely produce acquittal."[8]

Booker is unable to satisfy, at a minimum, the first two prongs of the standard. "That the information was disclosed to [Booker] prior to trial precludes [Booker] from meeting the first two prongs of the test."[9] Booker admits that his counsel had the police report in his possession during the trial.[10] That Booker's attorney, not Booker, possessed the police report is irrelevant for the purpose of determining whether the evidence was newly discovered.[11]

As Booker cannot satisfy the first two prongs of the test, the Court does not reach the merits of the remaining prongs.

Booker also requests a hearing on his motion. The Court has discretion over whether to grant a hearing.[12] In this case it is obvious from the face of Booker's filing that

---

[6] *Id.* at 5-7.
[7] *Id.* at 6.
[8] *U.S. v. Seago*, 930 F.2d 482, 488 (6th Cir. 1991).
[9] *U.S. v. Alqsous*, No. 1:16CR329, 2019 WL 4736260, at *3 (N.D. Ohio Sept. 27, 2019).
[10] Doc. 78 at 9-10.
[11] *New York v. Hill*, 528 U.S. 110, 115 (2000) ("[T]he defendant . . . is considered to have notice of all fact, notice of which can be charged upon the attorney.") (internal quotation omitted).
[12]

the evidence is not new. A hearing will not assist the Court in making such a determination.

For the foregoing reasons, the Court **DENIES** Defendant's motion.

IT IS SO ORDERED.

Dated: March 4, 2020         *s/     James S. Gwin*
                              JAMES S. GWIN
                              UNITED STATES DISTRICT JUDGE