UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

---

| | : | |
| UNITED STATES OF AMERICA, | : | CASE NO. 1:13-cr-00050 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | OPINION & ORDER |
| | : | [Resolving Docs. 216, 217 & |
| DONTE BOOKER, | : | 229] |
| | : | |
| Defendant. | : | |
| | : | |

---

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Defendant Donte Booker brings motions to correct alleged errors in his Presentence

Investigation Report ("PSR") and to compel the Government to respond.[1]  Finding that this

Court lacks jurisdiction to grant that relief, the Court **DENIES** Defendant's motions.[2]

## I.    Background

In 2013, Defendant Booker was convicted of an attempted drug possession offense

arising out of a law enforcement sting operation.[3]  The U.S. Sentencing Commission

Guidelines ("Guidelines") recommended Booker be imprisoned between 360 months to

life.[4]  The Court sentenced him to a below-Guidelines 200-month prison term.[5]  The Sixth

Circuit affirmed the conviction.[6]

---

[1] The Court takes Defendant Booker's motions on the less stringent *pro se* standard.  *See Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985) (pro se complaints entitled to liberal construction).
[2] With this Order, the Court **GRANTS** Assistant U.S. Attorney Brian S. Deckert's motion to withdraw.  Doc. 229.
[3] Doc. 32.
[4] PSR at 18.
[5] Doc. 58.
[6] Doc. 76.

Case No. 1:13-cr-00050
GWIN, J.

This Court denied Booker's 28 U.S.C. § 2255 habeas corpus petition.[7]  Booker took multiple appeals related to that decision and other post-conviction motions, which he later voluntarily dismissed.[8]

While those appeals were pending, Booker filed the instant motions to correct his PSR.[9]  He says that the PSR does not accurately reflect his criminal history score.  He argues that certain prior Ohio convictions were over-counted for Guidelines purposes because they were sentenced on the same day.[10]  And he argues that he received a wrongly imposed criminal history point for an identity theft conviction because he did not serve a prison sentence.[11]

In 2019, the Court dismissed the PSR-related motions without prejudice as Booker's then-pending appeal divested the Court of its jurisdiction.[12]  After dismissing his appeals, Booker renewed the motions.[13]

The Court addresses the motions to correct the PSR below.

## II.   Discussion

Although Booker's *pro se* filings do not identify an authority, the Court finds that they are best understood as Federal Criminal Procedure Rule 36 motions.

---

[7] Doc. 147.
[8] Doc. 233.
[9] Docs. 196 & 197.
[10] Doc. 196 (citing U.S.S.G. § 4A1.2(a)(2)).
[11] Doc. 197 (citing U.S.S.G. § 4A1.2 cmt. n.2).
[12] Doc. 198.
[13] Doc. 216.

Case No. 1:13-cr-00050
GWIN, J.

Under that rule, "the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."

The Sixth Circuit and has made clear that "a clerical error must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature."[14]

Defendant Booker does not allege clerical errors.  Instead, his claims are about the application of law to fact.  He does not say that the PSR got any facts wrong.  His argument is that the Guidelines were wrongly applied to those facts.

Federal Criminal Procedure Rule 32 establishes the procedures, and the requirements for objections to PSRs.  Under Rule 32(f), "[w]ithin 14 days after receiving the presentence report, the parties must state in writing any objections. . . ."  And, Booker did object to certain portions of the PSR.[15]  But he did not raise the legal arguments he makes here, and thus forfeited them by failing to raise them at sentencing, in his direct appeal, or on habeas review.[16]

Because Defendant Booker does not allege clerical errors, the Court lacks jurisdiction to grant the relief he seeks.[17]

### III.   Conclusion

The Court **DENIES** Defendant Booker's motions to correct his sentence and the related motion to compel a Government response.

---

[14] *United States v. Robinson,* 368 F.3d 653, 656 (6th Cir.2004) (quoting *United States v. Coleman,* 229 F.3d 1154, 2000 WL 1182460, at *2 (6th Cir. Aug.15, 2000)); *see also United States v. Llanos,* 59 F. App'x 412, 414 (2d Cir. 2003).
[15] PSR at 25–29.
[16] *Cf. Puckett v. United States,* 556 U.S. 129, 134 (2009).
[17] *See United States v. Gianfortuna,* No. 06-cr-20172, 2014 WL 4594820, at *2 (E.D. Mich. Sept. 15, 2014) (citing *United States v. Hall,* No. 1:04-cr-00024(9), 2008 WL 924529, at *1 (S.D. Ohio Apr. 2, 2008)).

Case No. 1:13-cr-00050
GWIN, J.

      IT IS SO ORDERED.


Dated: February 15, 2022                    *s/     James S. Gwin*
                                            JAMES S. GWIN
                                            UNITED STATES DISTRICT JUDGE