UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

FILED

NOV 03 2023

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CASE NO.: 1:13-CR-00050 |
|   Plaintiff, | ) JUDGE JAMES S. GWIN |
| | ) |
| v. | ) **MOTION FOR A SENTENCE REDUCTION 18 U.S.C.** |
| | ) **3582(c)** |
| DONTE BOOKER, | ) |
|   Defendant. | ) |

          *          *          *          *

COMES, the defendant Donte Booker, in a Pro se filing, acting in the above reference matter, prays and respectfully hereby moves this Honorable Court to grant said motion in this matter.

The Defendant Donte Booker, is a Pro se litigant and Pro se pleadings are liberally contrued and held less stringent standard than formal pleadings drafted by lawyers. (See Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)).

### (BACKGROUND)

On January 30, 2013, Defendant Donte Booker, was indicted of (CT. 1) Attempted Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. 841(a)(1), (b)(1)(A) and 846. (ECF #10).

On July 17, 2013, district court sentenced Booker to 200 months imprisonment and (5) years Supervised Release. (ECF #57).

**I. 18 U.S.C. 3582(c)**

[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission... the court may reduce the term of imprisonment, after considering the factors set forth in Section 3553(a) to the extent that they are applicable, if such reduction is consistent with applicable policy statement issued by the Sentencing Commission. The United States Supreme Court has interpreted 3582(c) as set forth two requirements for a sentence reduction. First, "the defendant [must] hav[e] been sentenced to a term of imprisonment based on a sentencing range.

That has subsequently been lowered by the Sentencing Commission." (See U.S. v. Riley, 720 F.3d 756, 758 (6th Cir. 2013)). Second, "such reduction [must be] consistent with applicable policy statement issued by the Sentencing Commission." If reviewing court determines that the defendant is eligible for a sentence reduction, then "[t]he court may 'consider' whether authorized reduction is warranted, either in whole or part, according to the factors set forth in 3553(a)." (See U.S. v. Thompson, 714 F.3d 949 (6th Cir. 2013)(quoting Dillon v. U.S., 560 U.S. 817, 826, 130 S. Ct. 2683, 177 L. Ed. 2d 271 (2010); (also see 28 U.S.C. 994(u)).

## II. UNITED STATES SENTENCING COMMISSION

On May 1, 2023, the United States Sentencing Commission ("U.S.S.C.") submitted to the U.S. Congress amendments to the sentencing guidelines and official commentary, which becomes effective November 1, 2023. (See U.S.S.C. Amendments). U.S.S.C. provided a statutory definition pursuant U.S.S.G. 1B1.13 Commentary Application Note 1(D), Extraordinary and Compelling Reasons. "[A] court may "permissively consider" the 1B1.13 policy statement "as part of its discretionary inquiry into whether a case presents "extraordinary and compelling reasons" for release." (See U.S. v. Tomes, 990 F.3d 500, 503 n. 1 (¢th Cir. 2021)).

The Sentencing Commission lists part of the amendment in Subsection (d) of U.S.S.G. 1B1.10 as a amendment that may be applied [retroactively] to previously sentenced defendant's. (See U.S.S.G. 1B1.10 Subsection (d), Retroactively).

## III. EXTRAORDINARY AND COMPELLING REASONS

### A. Medical Conditions

The Defendant Donte Booker, medical conditions consists of Diabetes and Hypertension, which the Center for Disease Control ("CDC") states are COVID-19 risk factors. Even though Booker received the vaccine, his medical conditions and age (56) years old, makes it less likely that he receives the vaccine full benefit. Also, there is a recent CDC report [u]ptick in COVID-19 cases, which the FDA's recommendation that a new vaccine is needed to protect against currently dominant COVID-19 strains.

### B. Post Rehabilitation

While incarcerated, defendant Booker has completed over (60) educational & vocational programs, such as, Resident Drug Treatment, Non-Residential Drug Treatment, Anger Management, HVAC 608 certified, CDL, ect. (See Attached Exhibit A, Education Data); (2) has maintained clear disciplinary conduct, which his Security Custody Level is (minimum) "Out Custody" and is incarcerated at a federal Camp where inmates have priveleges to drive federal Government vehicles and work "unsupervised" in the community. (Exhibit B, Security Custody Classification).

C. Incarceration Percentage

Defendant Booker has been incarcerated over (10) years of his sentence. Booker's new projected release date is 03/2025, which is over 85%.

D. Court Granting Extraordinary & Compelling Reasons

This Honorable Court have recently granted defendants 18 U.S.C. 3582(c) motions under "extraordinary and compelling reasons" based on post rehabilitation, COVID-19 complications, sentencing disparities. (See U.S. v. Ward, 2023 U.S. Dist. LEXIS 138246 (N.D. Ohio Aug. 8, 2023)(Judge Gwin)("Defendant's COVID-19 complications, post rehabilitation, and sentencing disparities are "extraordinary and compelling reason" to warrant a reduction in sentence."); U.S. v. Thompson, 2022 U.S. Dist. LEXIS 12682 (N.D. Ohio Jan. 24, 2022)(Judge Gwin)("Defendant's sentencing disparities are "extraordinary and compelling reasons" for granting 3582(c) motion.")). In Ward, his offense involved 34.78 kilograms converted drug weight, involving Fentanyl, Heroin, Crack, powder Cocaine. This Court qualified Ward as a "career offender" 4B1.1 enhancement, Criminal History Category VI. Court sentenced Ward to 100 months imprisonment. Based on Ward's post rehabilitation, COVID-19 complications of High Blood Pressure, Sentencing Disparities, Court granted Ward's 18 U.S.C. 3582(c) motion and reduced his sentence to 88 months imprisonment. (Exhibit C).

III. HISTORY AND CHARACTERISTICS

A. Marijuana Drug Use

This Court is completely aware of Booker's Marijuana drug use, which Booker tested positive when arrested on this instant offense. (See Presentence Report ("PSR")). Booker has a Marijuana drug use since the age of 15 years old.

B. Father Deceased

Booker's father died of a serious heart attack when he was (8) years old, which his father death was very traumatic in his life, growing up without his father in his life. Which contributed to his poor behavior, unguidance, incarcerations.

C. Elderly Age

Booker is (56) years old and is a elderly offender and based on "recidivism statistics" there is a 31% of drug trafficking offenders released between ages 50-59 recidivate.

(3)

## IV. OFFENSE'S NATURE & CIRCUMSTANCES

### A. Fictitious Drugs

Booker's case involves a sting operation, where there were (10) kilograms of "fake cocaine" There was no illegal cocaine or illegal drugs found in Booker's possession.

## V. SENTENCE & SENTENCING RANGE

### A. Booker Is Not A Career Offender

This Honorable Court and the Sixth Circuit Court of Appeals had determined that Booker's prior offenses used to qualify under the 4B1.1 Career Offender enhancement, are no longer "crimes of violence". After Booker's arrest and sentenced, previous case law rendered Booker's prior "crimes of violence" invalid.

### B. 1986 & 1987 Ohio Robbery

Booker's prior 1986 & 1987 Robbery Offenses under Ohio Revised Code 2911.02, are no longer "crimes of violence" under 4B1.1 Career Offender. (See Gates v. U.S., 2018 U.S. App. LEXIS 4075 (6th Cir. Feb. 20, 2018); U.S. v. Yates, 866 F.3d 723 (6th Cir. 2017)).

### C. 2010 Attempted Felonious Assault

Booker's prior 2010 Attempted Felonious Assault Offense under Ohio Revised Code 2923.02 are no longer "crimes of violence" under 4B1.1 Career Offender. (See U.S. v. Havis, 927 F.3d 382 (6th Cir. 2019)(en banc).

### D. 2010 Abduction

Booker's prior 2010 Abduction Offense under Ohio Revised Code 2905.02 are no longer "crimes of violence" under 4B1.1 Career Offender. (See U.S. v. Pruitt, 2017 U.S. Dist. LEXIS 10368 (N.D. Ohio Jan. 15, 2017)(Judge Gwin)).

### E. Sentencing Range

This Court qualified Booker as a Career Offender enhancement under 4B1.1 and sentenced him to (200) months imprisonment, placing his Base Offense Level 32 and Criminal History Category IV (168-210).

## VI. SENTENCING DISPARITIES

### A. Average Sentence

According to the Judiciary Sentencing Information Database, similarly situated defendants received, on average, 120 months sentence.

### B. Booker Served 142 Months Imprisonment

Based on Booker's new projected released date 03/2025, he has served (142) months imprisonment, which is over 75%.

### C. Without Career Offender Enhancement

Without the Career Offender enhancement, if sentenced today, Booker would have received a much lesser sentence than (200) months.

## VII. 18 U.S.C. 3553(a)

### A. Minimum Security Custody Level

Booker's Security Custody Level is (minimum) and is incarcerated at a federal "Out Custody" prison Camp, where inmates have privileges to drive federal Government vehicles [inside] & [outside] the prison, and work "unsupervised" in the community. There is no fence around the prison. Therefore Booker is not a threat or danger to others or the community.

### B. Residence

Booker has stable residence living with his elderly mother in a suburban area called Cleveland Heights, which is the home he grew up in and his mother still lives and owns.

### C. Employment

Booker has feasible employment working at the family resturant and Lounge business called Booker's Lounge 13179 Cedar Rd, Cleveland Heights, Ohio. 44118, Owner Eric Booker (cousin), 216-598-2671 & 216-860-0000.

### D. Children

Booker have two teenage twin sons (16) years old, both were (5) years old when Booker was arrested. Has a teenage daughter (17) years old, whom was (6) years old when arrested.

Has a (22) year old son that has Autism, whom was also young when Booker was arrested.

**(CONCLUSION)**

WHEREFORE, the above reasons stated herein, the Defendant Donte Booker, prays and respectfully hereby moves this Honorable Court to grant said motion in this matter, and the following: (1) resentence without carrer offender enhancement; (2) vacate sentence to time served; (3) order immediate release; and (4) other relief the Court deems appropriate in the interest of justice, fairness, integrity, or public reputation of the judicial proceedings.

Thank you and God bless the United States of America.

Respectfully submitted,

/s/ *[signature]*

Donte Booker #58625-060, Pro se
F.C.I. Morgantown Camp
P.O. Box 1000
Morgantown, WV. 26507

Date: November 1, 2023

(CERTIFICATE OF SERVICE)

    I hereby certify that the foregoing motion has been sent to the office of the Clerk of Court on this 1st day of November 2023, for electronic dissemination CM/ECF system by first class U.S. mail postage prepaid.

/s/ *Donte Booker*
Donte Booker #58625-060, Pro se
F.C.I. Morgantown Camp
P.O. Box 1000
Morgantown, WV. 26507

Date: November 1, 2023