UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

---

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:13-cr-00050 |
|  | : |  |
| Plaintiff, | : | ORDER |
|  | : | [Resolving Doc. 246] |
| v. | : |  |
|  | : |  |
| DONTE BOOKER, | : |  |
|  | : |  |
| Defendant. | : |  |

---

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Defendant Dante Booker moves *pro se* for compassionate release under 18 U.S.C. § 3582(c).[1]

On March 12, 2013, a jury convicted Defendant Booker of one count of attempted possession of five kilograms or more of a substance containing cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and § 846.[2]

At his July 17, 2013, sentencing, the Court initially found that Booker had a total offense level of 36 and a Criminal History Category (CHC) IV.[3]  Booker qualified for the Sentencing Guidelines § 4B1.1(a) career offender enhancement, which resulted in a total offense level of 37 and a CHC of VI.  This gave him a guidelines range of 360 months to life imprisonment.[4]  The Court sentenced Booker to 200 months' imprisonment, followed by five years' supervised release.[5]

---

[1] Doc. 246.  Booker's public defender filed a notice of no intent to supplement Booker's motion.  Doc. 250.
[2] Doc. 32, PageID #: 172.
[3] Doc. 67, PageID #: 470.
[4] *See* U.S. Sent'g Guidelines Manual, § 5A (U.S. Sent'g Comm'n 2012) (Sentencing Table).
[5] Doc. 67, PageID #: 502.

Case No. 1:13-cr-00050
GWIN, J.

With his present motion, Booker argues that his medical conditions, rehabilitation efforts, and changes in the law are extraordinary and compelling reasons that warrant relief. The government opposes, arguing that Booker has not shown extraordinary and compelling reasons warranting compassionate release.[6]

For the following reasons, the Court **DENIES** Defendant Booker's motion for compassionate release.

## I.  LEGAL STANDARD

"Generally speaking, once a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute."[7]  However, under 18 U.S.C. § 3582(c)(1)(A), a district court may reduce a defendant's sentence upon a motion from the defendant if the defendant filed the motion thirty or more days after the defendant sent a compassionate release request to their warden.[8]

If a defendant's compassionate releasee motion meets this exhaustion requirement, the court then considers three factors in deciding whether to grant the compassionate release motion.  First, the court must decide "whether extraordinary and compelling reasons warrant a sentence reduction."[9]  Second, the court must ensure that "such a reduction is consistent

---

[6] In his motion, Booker cites 18 U.S.C. § 3582(c), which provides limited exceptions to the general rule that a Court may not modify a term of imprisonment once a term has been imposed.  Two such exceptions are relevant here:  18 U.S.C. § 3582(c)(1)(A), which allows defendants to file motions for compassionate release, and 18 U.S.C. § 3582(c)(2), which allows sentence reductions when a defendant's sentencing guideline range has been lowered by the Sentencing Commission.

Booker quoted portions of § 3582(c)(2), but then proceeded to argue for compassionate release.  *See* Doc. 246, PageID #: 2051-52.  The government's response addressed Booker's motion as if it were argued under § 3582(c)(2).  Doc. 252.  Booker's reply indicated that the government erred in not construing his motion as one for compassionate release.  Doc. 253, PageID #: 2091.  The Court then ordered the government to respond to Booker's arguments for compassionate release.  Doc. 254.  The government did so, Doc. 257.  Booker filed a reply to the government's response.  Doc. 258.  The Court now considers Booker's motion as one under § 3582(c)(1)(A).

[7] *United States v. Alexander*, 951 F.3d 706, 707 (6th Cir. 2019); 18 U.S.C. § 3582(c).

[8] 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Alam*, 960 F.3d 831, 834–35 (6th Cir. 2020).

[9] *United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020) (quotation marks omitted).

Case No. 1:13-cr-00050
GWIN, J.

with applicable policy statements issued by the Sentencing Commission."[10]  Finally, the court

must consider all relevant 18 U.S.C. § 3553(a) factors.[11]

## II.   DISCUSSION

Defendant Booker has not shown evidence proving that he has met § 3582(c)(1)(A)'s

exhaustion requirement.  With his reply to the government's response, Booker attaches a

message he sent to FCI staff that mentions "the Warden denying [his] Compassionate Release

Motion."[12]  Even construing Booker's *pro se* motions leniently, this does not show that

Booker has exhausted his administrative remedies.  So, Booker's compassionate release

motion is **DENIED** for this reason.[13]

Even if Booker had exhausted his administrative remedies, he has not shown

extraordinary and compelling reasons warranting compassionate release.

Booker cites his diabetes, high cholesterol, and hypertension, in combination with

COVID-19 risk, as extraordinary and compelling medical conditions.  However, Booker has

not demonstrated that these conditions are "serious", require "long-term or specialized

medical care that is not being provided and without which" Booker "is at risk of serious

deterioration in health or death," or that his COVID-19 risk is unmitigable due to these

conditions.[14]  Booker's medical records show that his conditions are being adequately

managed by BOP medical staff, and that Booker has resumed his treatment and management

regime.[15]

---

[10] *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).
[11] *Id.*
[12] Doc. 258-1, PageID #: 2252.
[13] *Elias*, 984 F.3d at 519.
[14] U.S. Sent'g Guidelines Manual § 1B1.13 (U.S. Sent'g Comm'n 2023).
[15] *See, e.g.*, Doc. 257-1 PageID #: 2128-29; 2132; 2139; 2145; 2152-53; 2216

Case No. 1:13-cr-00050
GWIN, J.

Regarding COVID-19 risk caused by these conditions, Booker has received the COVID-19 vaccine;[16] a defendant's vaccination status "seriously abates any compelling reason for release related to COVID-19."[17]  Booker has not shown that FCI Morgantown is at imminent risk of a COIVD-19 outbreak or that its medical facilities are deficient.[18]  While a future outbreak of COVID-19 is possible, "generalized fears of contracting COVID-19, without more, do not constitute a compelling reason" for compassionate release.[19]

Booker has completed over sixty rehabilitative and educational programs while incarcerated.[20]  These efforts are certainly commendable.  However, while the recent Sentencing Guidelines amendment allows rehabilitation to be considered in conjunction with other circumstances, rehabilitation is not by itself an extraordinary and compelling reason for release.[21]

Booker also argues that recent amendments to United States Sentencing Guidelines § 1B1.13, which lists categories of extraordinary and compelling reasons for compassionate release, apply to his sentence.

Specifically, Booker invokes § 1B1.13(b)(6) and (c), which provides:

> (6).  UNUSUALLY LONG SENTENCE—If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to

---

[16] Doc. 257-1, PageID #: 2167

[17] *United States v. Salas*, No. 1:18CR247, 2020 WL 16695265, at *3 (N.D. Ohio Nov. 3, 2022) (citing *United States v. Traylor*, 16 F.4th 485 (6th Cir. 2021); *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021)).

[18] *See* Fed. Bureau of Prisons, *Inmate COVID-19 Data* (Apr. 12, 2024), https://www.bop.gov/about/statistics/statistics_inmate_covid19.jsp.

[19] *United States v. Ramadan*, No. 20-1450, 2020 WL 5758015, at *2 (6th Cir. Sept. 22, 2020).

[20] Doc. 246-1, PageID #: 2057-58.

[21] *See* 28 U.S.C. § 994(t); U.S. Sent'g Guidelines Manual § 1B1.13 (U.S. Sent'g Comm'n 2023).

- 4 -

Case No. 1:13-cr-00050
GWIN, J.

> be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.
>
> (C).  LIMITATION ON CHANGES IN LAW.—Except as provided in subsection (b)(6), a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement.  However, if a defendant otherwise establishes that extraordinary and compelling reasons warrant a sentence reduction under this policy statement, a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) may be considered for purposes of determining the extent of any reduction.[22]

Booker argues that under various Sixth Circuit precedent, his previous offenses no longer qualify him for the § 4B1.1 career offender sentencing enhancement.[23]

Booker has not shown extraordinary and compelling reasons due to a change in law under § 1B1.13(b)(6) & (c).

First, Booker does not qualify for relief under § 1B1.13(b)(6).  Booker did not receive an unusually long sentence.  The Court originally sentenced Booker to 200 months, well below his guideline range of 360 months to life.  The Sixth Circuit has held that comparably long sentences are not "unusually long."[24]

Second, Booker has not shown a "gross disparity" between his current sentence and the sentence he would receive without the career offender enhancement.  Prior to the career offender enhancement, Booker had a total offense level of 36 and a CHC of IV. This classification would give him a guidelines range of 262-327 months.[25]  Given that Booker's

---

[22] U.S. Sent'g Guidelines Manual § 1B1.13 (U.S. Sent'g Comm'n 2023).

[23] Doc. 246, PageID #: 2053.

[24] Compare *United States v. Wilson*, No. 13-cr-20369-02, 2020 WL 1342618, at *3 (E.D. Mich. Mar. 29, 2024) (finding life sentence not unusually long); *United States v. Dukes*, No. 2:10-078, 2023 WL 8458228, at *2 (E.D. Ky. Dec. 6, 2023) (finding 223-month sentence not unusually long), *with United States v. Brown*, No. 295-cr-66(2), 2024 WL 409062, at *7 (S.D. Ohio Feb. 2, 2024) (finding 119-year sentence to be unusually long).

[25] *See* U.S. Sent'g Guidelines Manual, § 5A (U.S. Sent'g Comm'n 2012) (Sentencing Table).

Case No. 1:13-cr-00050
GWIN, J.

current sentence is lower than this range, Booker's potential new sentence would not be "grossly disparate" in his favor.

Booker relies on precedent from courts in this Circuit to argue that his previous offenses no longer qualify him as a career offender.[26]  However, the Sixth Circuit has held that "nonretroactive judicial decision[s] announcing [] new rule[s] of criminal procedure," such as the precedent Booker cites, cannot serve as extraordinary and compelling reasons for compassionate release.[27]  So Booker has not shown an applicable "change in law" under § 1B1.13(b)(6).

Finally, in his reply to the government's response, Booker raises the prospectus of relief under Amendment 782 to the Sentencing Guidelines.[28]  Amendment 782 reduced the total offense level of some drug quantities under § 2D1.1 by two levels.[29]  Booker argues that because the government concedes that some of his previous offenses are no longer qualifying offenses for the § 4B1.1 career offender enhancement, he is no longer a career offender and is thus eligible for a reduction under Amendment 782.[30]

The Court need not consider arguments raised for the first time in a reply brief.[31]  Even so, Booker does not warrant relief under Amendment 782.  Booker relies on caselaw that deal with *prospective* changes to federal sentencing law; Booker's career offender status was not retroactively impacted by the likes of *Havis*, *Yates*, and *Pruitt*.  So, because Booker cannot

---

[26] *See, e.g., United States v. Havis*, 927 F.2d 382 (6th Cir. 2019) (attempt crimes not qualifying offenses for career offender designation); *United States v. Yates*, 866 F.3d 723 (6th Cir. 2017); (robberies under R.C. § 2911.02(A)(3) not a qualifying offense for career offender designation); *United States v. Pruitt*, Nos. 1:04-CR-489, 1:15-CV-02452, 2017 WL 359094 (N.D. Ohio Jan. 25, 2017) (abduction under R.C. § 2905.02(A)(1) not a qualifying offense for career offender designation).
[27] *United States v. McCall*, 56 F.4th 1048, 1061 (6th Cir. 2022) (en banc).
[28] Doc. 258, PageID #: 2247.
[29] U.S. Sent'g Guidelines Manual § 2D1.1(c) (U.S. Sent'g Comm'n 2016); U.S. Sent'g Guidelines App. C, Amdt. 782 (Supp. Nov. 2012-Nov. 2016).
[30] Doc. 258, PageID #: 2247.
[31] *See Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008) (citing *Novosteel SA v. United States*, 284 F.3d 1261, 1274 (Fed. Cir. 2004)).

- 6 -

Case No. 1:13-cr-00050
GWIN, J.

retroactively change his career offender status, he is not eligible for a sentence reduction

under Amendment 782.[32]

### III.    CONCLUSION

For the foregoing reasons, the Court **DENIES** Booker's motion for compassionate

relief.

IT IS SO ORDERED.


Dated: April 17, 2024                          *s/      James S. Gwin*
                                               JAMES S. GWIN
                                               UNITED STATES DISTRICT JUDGE

---

[32] *United States v. Johnson*, No. 2:08-374, 2024 WL 964710, at * *7 (W.D. Pa. Mar. 5, 2024), *appeal docketed*.