IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) CASE NO: 1:13-CR-50 |
| v. | ) Judge Dan Aaron Polster |
| DANTE BOOKER, | ) |
| Defendant. | ) **ORDER** |

Before the Court is Defendant Donte Booker's *pro se* renewed motion for compassionate release.[1] ECF Doc. 260. Booker has filed numerous motions for post-conviction relief, including sentence reductions and compassionate release. All previous motions have been denied either because the referenced amendment to the United States Sentencing Guidelines ("USSG") was not applicable to Booker's sentence, or for failure to show "extraordinary and compelling" circumstances justifying a sentence reduction. For the following reasons, Booker's renewed motion is **DENIED**.

---

[1] The Federal Rules of Criminal Procedure do not address motions for reconsideration. However, district courts have previously accepted such motions under Federal Rule of Civil Procedure 59(e). *See United States v. Adams*, No. 3:21-cr-504, 2023 U.S. Dist. LEXIS 179501, at *3 (N.D. Ohio Oct. 5, 2023); *see also United States v. Walker*, No. 4:13-cr-284, 2022 WL 969461, at *1 (N.D. Ohio March 31, 2022). Since Booker cannot meet the stringent standard required for alteration or amendment under Rule 59(e), as his arguments do not fall into any of the four Rule 59(e) categories, this Court will instead choose to treat the reconsideration motion as a renewal of the compassionate release motion. *See Walker*, 2022 WL 969461, at *1; *see also United States v. Gordon*, No. 23-3188, 2024 WL 1005772, at *2 (6th Cir., March 4, 2024).

While this motion was pending, Booker also filed a motion to hold consideration of his renewed motion in abeyance, pending the Sixth Circuit's decision in *United States v. Bricker*.[2] For the reasons explained herein, this motion is also **DENIED**.

I. Facts and Procedural Background

Booker was convicted of attempted possession with intent to distribute five kilograms or more of cocaine and was sentenced to 200 months incarceration, along with five-years supervised release, on July 17, 2013. ECF Doc. 58 at 2-3. Booker is currently being held at Federal Prison Camp, Morgantown ("FPC Morgantown") and has an expected release date of May 17, 2026.[3]

On April 17, 2024, the Court denied Booker's motion for compassionate release. ECF Doc. 259. At that time, Booker had not shown that he had exhausted his administrative remedies, as required by 18 U.S.C. § 3582(c)(1)(A). Even if Booker had exhausted his administrative remedies, he had not shown that FPC Morgantown was at imminent risk of a COVID-19 outbreak or that its medical facilities would be inadequate to treat any increased risk of COVID-19 resulting from Booker's preexisting conditions. ECF Doc. 259 at 3-4. Nor, at the time of the motion, could Booker's status as a career offender be changed. *Id.* at 6-7.

On May 3, 2024, Booker filed the instant motion. In it, he argues that his previous motion was improperly denied, making a wide variety of arguments. In addition to arguing that the previous district court was biased and prejudiced towards him, Booker also argues that he had, in fact, satisfied the § 3582(c)(1)(A) exhaustion requirement. Booker additionally argues that compassionate release and sentence reductions have been given in cases similar to or more violent

---

[2] Case No. 24-3286. This case will address whether the Policy Statement in USSG § 1B1.13(b)(6)—allowing courts to consider certain changes in law when deciding whether an "extraordinary and compelling reason" exists—is a valid exercise of authority by the Sentencing Commission.
[3] Federal Bureau of Prisons Inmate Search as of September 25, 2024.

2

than his own. The Government filed a response in opposition on June 11, 2024. Booker filed a Reply to the Government's Opposition on June 27, 2024. Subsequently, Mr. Booker filed a Motion to Stay Consideration of his renewed motion on September 3, 2024, following the Sixth Circuit's decision to grant release pending appeal in *Bricker*. On September 24, 2024, this case was reassigned to Judge Dan Polster.

## II. Law and Argument

### A. Legal Standard

A motion for sentence reduction filed under 18 U.S.C. § 3582(c)(1)(A) – a motion for compassionate release – is analyzed under a three-step inquiry. *United States v. Jones*, 980 F.3d 1098, 1101 (6th Cir. 2020). First, when an imprisoned person files a motion for compassionate release: they must show exhaustion of administrative appeals by either (1) a warden denying their request or (2) showing thirty days have passed since the request was made without a response. *United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020).

Second, the Court must find that both "extraordinary and compelling" reasons justify a sentence reduction and that such a reduction would be consistent with policy statements issued by the Sentencing Commission. *Jones*, 980 F.3d at 1101. In *United States v. McCall*, 56 F.4th 1048 (6th Cir. 2022), the Sixth Circuit held that a nonretroactive change in sentencing law does *not* constitute an "extraordinary and compelling" circumstance under 18 U.S.C. § 3582(c)(1)(A). However, *McCall* expressly left open the question of whether the Sentencing Commission "could issue a new policy statement that describes 'extraordinary and compelling reasons' in a way that is inconsistent with [its] interpretation of the statute's language[.]" *Id*. at 1054 n.3; *United States v. Brown*, No. 2:95-CR-66(2), 2024 U.S. Dist. LEXIS 18673, 2024 WL 409062, at *6-*7 (S.D. Ohio Feb. 2, 2024). Since *McCall*, the Sentencing Commission *has* revised its Guidelines, which now

permit the Court to consider a gross disparity between the sentence imposed (of which Defendant has served at least ten years) and the sentence to be imposed at the time the motion is filed to be an extraordinary and compelling reason for relief ("Policy Statement").

If an "extraordinary and compelling reason" is found, the final step of the inquiry requires re-weighing the sentencing factors of 18 U.S.C. § 3553(a). *Jones*, 980 F.3d at 1101. When weighing these factors, a district court is permitted to consider a defendant's "history and characteristics, including his propensity to be a danger to the community upon release, as well as the nature and circumstances of his offense." *United States v. Sherwood*, 986 F.3d 951, 954 (6th Cir. 2021).

### B. Analysis

At the time of Booker's initial motion for compassionate release on November 3, 2023, ECF Doc. 246, he had not exhausted his administrative remedies, as required by § 3582(c)(1)(A). Since then, Mr. Booker has cured the exhaustion defects. *See* ECF Doc. 261 at Govt. Ex. A. Accordingly, this Court may proceed with its "extraordinary and compelling" reasons inquiry.

However, Mr. Booker's current renewed motion for compassionate release does not satisfy the remaining two requirements under § 3582(c)(1)(A). At the outset, Mr. Booker has not identified any extraordinary and compelling reason that would justify early release. The previous district court addressed the health concerns Booker raised in his original motion and held that they did not constitute a compelling reason, without more, for compassionate release. The instant motion does not identify any change in the previously identified circumstances that would warrant this Court re-evaluating this prior conclusion. Additionally, while Mr. Booker's rehabilitative efforts while incarcerated are certainly commendable, these efforts alone are not, by themselves,

4

and extraordinary and compelling reason justifying a sentence reduction. USSG § 1B1.13(d) (referencing 28 U.S.C. § 994(t)).

Nor has Booker shown that the previous order was a clear error of law or manifest injustice. Mr. Booker argues that he should be granted compassionate release because the previous Court had done so in other cases allegedly similarly or more violent than himself. He bases this argument purely the charges in those cases, but this fails to consider the significant differences between those cases and his own. Specifically, the cases cited by Booker all involve imminent risks of COVID-19 infection or the need for acute medical care that could not be provided at the prison. *See, e.g.*, *United States v. Ward*, No. 1:18-cr-00414, 2023 U.S. Dist. LEXIS 138246, at *4 (N.D. Ohio Aug. 8, 2023); *United States v. Bennett*, No. 5:20-cv-00857, 2024 U.S. Dist. LEXIS 3204, at *1 (N.D. Ohio Jan. 8, 2024); *United States v. Smith*, No. 4:08-cr-00273, 2022 U.S. Dist. LEXIS 54751, at *1 (N.D. Ohio Mar. 25, 2022).

The argument that the previous Court impermissibly applied *McCall* also fails to identify a clear error of law or manifest injustice. That other district courts have chosen to apply *McCall* differently or not at all in light of the Policy Statement is inapposite. Other district court decisions are not binding on this Court. Mr. Booker correctly notes that the Sixth Circuit does presently have the opportunity to resolve the current intra-circuit split regarding the validity of the Sentencing Commission's new Policy Statement. Until such an opinion is ordered, though, the Sixth Circuit's reasoning in *McCall* is binding on this Court.

However, even assuming, *arguendo*, that the Sixth Circuit determines that the Policy Statement falls within the Sentencing Commission's statutory authority, this would not meaningfully change the circumstances in Mr. Booker's case. While he correctly notes that the Sentencing Commission has revised its Guidelines to allow for a court to consider a change in law

when determining the extent of a potential sentence reduction, such a change in law, in and of itself, "shall not be considered for purposes of determining whether an extraordinary and compelling reason exists." USSG § 1B1.13(c). What matters is whether the change in law produces a "gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." *Id.* § 1B1.13(b)(6). It is true that, if Booker were to be sentenced now, he would not be considered a career offender—adjusting him to Offense Level 37, Criminal History Category IV. However, this would only adjust his sentencing guidelines to 210–262 months. Mr. Booker was already sentenced below that potential new guideline. Therefore, there cannot be a gross disparity between the sentence imposed and the potential new sentence to be imposed, regardless of the outcome in the pending *Bricker* appeal.

Finally, even if Mr. Booker were able to identify an extraordinary and compelling reason, he has not shown that the § 3553(a) factors now weigh in his favor. When reviewing the § 3553(a) factors in prior orders, this Court found that this analysis has not changed. Particularly relevant are factors § 3553(a)(1) – the nature and circumstances of the offense and the history and characteristics of the defendant; and § 3553(a)(2)(C) – the need for the sentence imposed to protect the public from further crimes committed by the defendant. In this case, Mr. Booker led the police on a dangerous high-speed chase and foot chase in an attempt to evade arrest. He also has a history of violent offenses spanning over 25 years, and committed the offenses for which he is currently imprisoned less than a year after being released from community control in the most recent prior matter. Prior incarceration has not deterred Mr. Booker from reengaging in criminal conduct, and this is a significant factor to consider in evaluating the public's safety if Booker is released.

### III. Conclusion

For the above reasons, Booker's renewed motion for compassionate release and subsequent motion to hold consideration in abeyance are hereby **DENIED**.

**IT IS SO ORDERED.**


Dated: **October 3, 2024**         */s/ Dan Aaron Polster*
                                   **Dan Aaron Polster**
                                   **United States District Judge**